Beth L. NAPRSTEK, a minor, by her mother, and next friend, Barbara C. Naprstek, et al., Plaintiffs,

v.

The CITY OF NORWICH, an incorporated municipality, et al., Defendants.

No. 75–CV–41.

United States District Court,
N. D. New York.

July 29, 1977.

Faith A. Seidenberg, Syracuse, N. Y., Co-operating Atty., for Civil Liberties Union Central N.Y. Chapter, for plaintiffs.

Edward J. Lee, City Atty., City of Norwich, Norwich, N. Y., for defendants.

MacMAHON, District Judge.*

Counsel for plaintiffs applied for a discretionary award of attorneys' fees under 42 U.S.C. § 1988 (as amended October 19, 1976). We denied the application, without prejudice to a motion for rehearing upon submission of appropriate briefs on the matter. We grant plaintiffs' counsel's motion for rehearing and, upon reconsideration, we adhere to our original decision denying the application, for the reasons stated herein.

Plaintiffs brought this action under 42 U.S.C. § 1983, seeking to declare unconstitutional and enjoin further enforcement of a curfew ordinance of the City of Norwich. City Ordinance VI, §§ 26–1, 26–2 and 26–3. The ordinance forbade children under 17 years of age from being on the streets, public places or buildings of Norwich after 11:00 P.M. on Sunday through Thursday evenings, and after 12:00 midnight on Fridays and Saturdays. The ordinance did not specify any time when the curfew would terminate.

While we originally ruled that the federal court should abstain from deciding the constitutional issues pending state court construction of the ordinance, the Court of Appeals disagreed and held that the lack of a termination time made the ordinance unconstitutionally vague, and that no state construction of the ordinance could supply the missing term. 545 F.2d 815 (2d Cir. 1976). Plaintiffs having thus "prevailed" in the action, 42 U.S.C. § 1988, this application for attorneys' fees followed.

Although, as Chief Judge Foley noted in *Kulkarni v. Nyquist*, Docket No. 76–CV–344 (N.D.N.Y. June 3, 1977), the language of § 1988 tracks the language of other counsel fee provisions considered by the Supreme Court in *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964,

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

19 L.Ed.2d 1263 (1968), and *Northcross v. Memphis Board of Education*, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973), the standards to fee awards in those cases need not apply to *all* actions brought under the civil rights laws.

The Court held in *Newman* that a plaintiff who succeeds in obtaining an injunction under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(a) et seq., should be awarded counsel fees "unless special circumstances would render such an award unjust." *Newman, supra*, 390 U.S. at 402, 88 S.Ct. at 966. The Court specifically noted, however, that in such a case as *Newman*, involving racial discrimination at eating establishments, a plaintiff obtaining an injunction "does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the *highest priority.*" *Id.* (emphasis added).

In *Northcross, supra*, a case challenging racial segregation in Memphis public schools, the Court extended the "special circumstances" standard of *Newman* to fee awards under § 718 of the Emergency School Aid Act of 1972, 20 U.S.C. § 1617. The Court noted that the *raison d'etre* of § 1617 was the same as the fee provision involved in *Newman* : "to encourage individuals injured by racial discrimination to seek judicial relief." *Northcross, supra*, 412 U.S. at 428, 93 S.Ct. at 2202; *Newman, supra*, 390 U.S. at 402, 88 S.Ct. 964; *Johnson v. Combs*, 471 F.2d 84, 86 (5th Cir. 1972).

Finally, in *Kulkarni, supra*, Chief Judge Foley awarded counsel fees to the successful plaintiffs in cases challenging certain sections of the New York Education Law which unconstitutionally prohibited resident aliens from pursuing their lawful professions in the state education system.

In our view, this case simply does not rise to the level of national priority or constitutional dimension which warranted the award of fees in *Newman, Northcross* or *Kulkarni*. By amending § 1988 to provide for counsel fees in civil rights actions, Congress was seeking to alleviate the anomalous situation created by the Supreme Court's decision in *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), where the Court held that attorneys' fees could never be awarded in civil rights actions absent specific statutory authorization. See S.Rep. No. 94–1011, H.R.Rep. No. 94–1558, 1976 U.S.Code Cong. & Admin.News, p. 5908 et seq. We do not think, however, that attorneys' fees must be awarded in all civil rights actions, in order to encourage "private attorneys general" to commence all sorts of actions of whatever magnitude, even if negligible constitutional priority. Indeed, Congress specifically considered and rejected the option of providing mandatory award of attorneys' fees in civil rights actions, wisely leaving such awards in the court's discretion, to be exercised as each case warrants. See H.R.Rep. No. 94–1558, *supra*, at 5–6.

Moreover, even if we were to adopt the *Newman-Northcross* standard of awarding counsel fees, in this case "special circumstances would render such an award unjust." *Newman, supra*, 390 U.S. at 402, 88 S.Ct. at 966. Plaintiffs here, with the barest standing, were challenging an antiquated, poorly-drafted, rarely-enforced juvenile curfew ordinance. Plaintiffs were successful in attacking the ordinance as void for vagueness. Nevertheless, their grounds were more contrived than real. Whatever their appeal to judicial minds, the parental admonition not to stay out after midnight has been unmistakably clear to adolescents at least since Cinderella. Many cities and towns throughout the country have such curfews, and in the only other federal case considering such an ordinance, the constitutional power of a municipality to enact a properly drafted curfew was upheld. *Bykofsky v. Borough of Middletown*, 401 F.Supp. 1242 (M.D.Pa.1975), *aff'd*, 535 F.2d 1245 (3d Cir.), *cert. denied*, 429 U.S. 964, 97 S.Ct. 394, 50 L.Ed.2d 333 (1976). It was for all these reasons that we thought (and still feel) that the federal court should not intrude into these matters of vital interest to the state, but should abstain at least until after the state courts had been given a

chance to construe the ordinance. See *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

In addition, counsel for the City of Norwich indicated at the outset of this lawsuit that they would be willing to meet with plaintiffs' attorneys to discuss possible redrafting in an effort to correct the alleged deficiencies of the ordinance, but this offer was refused. The City Council, furthermore, nullified the curfew ordinance before the Court of Appeals rendered its decision. All of these factors indicate, in our opinion, that the threat to the public interest posed by this curfew ordinance was so insignificant compared to the threat posed by racial or alienage discrimination, that an award of fees would be unwarranted and unjust in this case. In short, we think that neither Congress nor the Supreme Court intended that private attorneys general need be encouraged to make mountains out of molehills. Nor do we think that Congress intended to reward attorneys for burdening federal courts with unnecessary litigation when they have not even attempted to remedy their clients' grievances by talking out their differences with duly constituted executive and legislative authorities at the local level.

Section 1988 clearly permits the award of counsel fees in appropriate cases involving serious threats to constitutional rights, or effectuating congressional policies of high priority, but this is not such a case. Furthermore, we will not encourage a wholesale scramble by lawyers to challenge possibly thousands of ancient and ineffectual municipal ordinances, on the expectation that counsel fees must be awarded automatically.

Accordingly, the motion for reconsideration of plaintiffs' counsel's application for fees is granted, and, on reconsideration, we adhere to our original decision denying, in our discretion, the award of fees in this case.

So ordered.