Richard NASH

v.

Clement REEDEL, Frank R. Ferlick, Ronald Fonock, John L. Deegan, Robert Piermatteo, John H. Brennan, John Helebush, Kenneth Suydam, Mrs. Elizabeth Delaney, Ms. Sharon Pittack.

Civ. A. No. 79–3494.

United States District Court,
E. D. Pennsylvania.

Feb. 14, 1980.

Richard Nash, pro se.

Michael L. Levy, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Defendant Elizabeth Delaney, who successfully moved to dismiss the complaint against her in this action,[1] now moves under 42 U.S.C. § 1988 for an award of counsel fees against plaintiff Richard Nash. Nash, who is serving a sentence of imprisonment after being convicted of involuntary deviate sexual intercourse, with Delaney as the victim, alleged in his complaint that Delaney committed perjury at his state criminal trial and that her perjury resulted in his conviction. I granted Delaney's motion to dismiss on two grounds: first, because Nash was proceeding under 42 U.S.C. § 1983, and Delaney was not acting under color of state law when testifying, and second, because Delaney had absolute immunity from civil liability for any statements made while a witness.

### I. *Liability for Counsel Fees*

42 U.S.C. § 1988 provides:

"In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

There is no doubt that Delaney is the prevailing party, inasmuch as the complaint against her was dismissed in its entirety. However, for public policy reasons, counsel fees may be awarded to a prevailing defendant under § 1988 only in certain limited circumstances, *Hughes v. Repko*, 578 F.2d 483, 489 (3d Cir. 1978), and the standard for awarding fees is quite strict. The district court must find that the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. Equal Employment Opportuni-*

---

1. Opinion dated November 28, 1979.

*ty Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Or, the court must find that the plaintiff brought suit "to harass, embarrass, or abuse defendants." *Hughes v. Repko, supra*, 578 F.2d at 489.

Delaney argues that Nash's suit was intended to intimidate and to discourage her from testifying again should Nash prevail in his pending state court appeal of his conviction, and that his suit is simple harassment in retaliation for her testimony. Nash argues that his suit is not frivolous, because, although his complaint was dismissed on legal grounds, he had reason to file suit since Delaney allegedly committed perjury leading to his conviction.

 Under these circumstances, I am persuaded that an award of counsel fees is appropriate. First, it is plain that Nash had no chance of succeeding on his complaint. Delaney is a private citizen, who clearly was not acting under color of law by testifying at a trial. Furthermore, she was entitled to the well-established defense of absolute witness immunity. It is no answer that Nash is proceeding *pro se*, and therefore should not be faulted for filing a groundless suit because he lacks training in the law. The standard set forth in *Christianburg Garment, supra*, is an objective one: the inquiry is whether there were grounds for suit, not whether the plaintiff reasonably believed there to be grounds.[2] Moreover, Nash's suit lacked a factual basis as well. Nash contended that Delaney committed perjury because she admitted at his trial that one detail of her statement to police, made at the time of the assault, was inaccurate. Delaney was not under oath when she made the statement to police, and she readily corrected the error when questioned by Nash's counsel at trial. Thus, there is simply no basis for the allegation that Delaney perjured herself.

There are other considerations which weigh in favor of awarding a fee in this case. It is obvious that there is a possibility of intimidation should Delaney be asked to testify at a second trial for Nash (if his pending appeal is successful). Even if Del-

aney is not asked for further testimony, she has been burdened by the effort and expense involved in defending against a frivolous suit. Unless there is some deterrent to bringing such suits, convicted offenders will feel free to harass witnesses who testified at their trials by filing similar actions. Finally, it is simple justice to permit the victim of a criminal assault to be relieved of the burden of the expense of defending against a frivolous civil action brought by her attacker.

In short, I believe that the instant case presents the unusual circumstances which permit an award of counsel fees to a prevailing defendant under § 1988.

## II. *Amount of the Fee Award*

 The initial step in calculating an award of counsel fees is to determine that basic value of the attorney's services, the "lodestar" amount, which consists of the number of hours reasonably spent on the case, multiplied by a reasonable hourly fee. *Lindy Brothers, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (1973), (*Lindy I*). Compensation for an excessive amount of time spent on any one aspect of the case will not be awarded. *Hughes v. Repko, supra*, 578 F.2d at 487. In this case, Delaney's counsel, Michael Levy, avers that he spent the following amounts of time in representing Delaney:

| Conduct of Case | | |
|---|---|---|
| 10/26/79 | Initial Interview | 0.40 hrs. |
| 10/26/79 | Phone conf. with A. R. Shuman, Esq., referring counsel | 0.10 hrs. |
| 10/29/79 | Letter to Wm. Nicholas, Esq., D.A., Re: possibility of county providing free counsel for client | 0.20 hrs. |
| 10/30/79 | Phone conf. with Nicholas and client | 0.10 hrs. |
| 10/30/79 | Research and drafting motion and memo | 3.50 hrs. |
| 10/30/79 | Phone conf. with George Dale, atty for police | 0.20 hrs. |
| 10/31/79 | Phone conf. with client | 0.10 hrs. |
| 10/31/79 | Editing brief | 0.30 hrs. |
| 11/ 5/79 | Phone conf. with client | 0.20 hrs. |
| 11/29/79 | Review of Judge Luongo's Opinion | 0.20 hrs. |
| 11/29/79 | Phone conf. with client | 0.10 hrs. |
| | | 5.40 hrs. |

| Petition for Counsel Fees | | |
|---|---|---|
| 11/30/79 | Prep. of petition for counsel fees at request of client | 1.00 hrs. |
| Total Hours ............. .................... | | 6.40 |

---

**2.** The Court ruled that fees could be awarded so long as the suit was groundless, even if the plaintiff had not proceeded in subjective bad faith. 434 U.S. at 421, 98 S.Ct. at 700.

■ I conclude from this well-detailed summary that counsel did not spend an inordinate amount of time on any particular aspect of the case, and I find that 5.40 total hours was a reasonable amount of time for a case of this kind. Counsel is also entitled to compensation for time spent preparing the fee petition, *see Prandini v. National Tea Company*, 585 F.2d 47 (3d Cir. 1978),[3] and I find that one hour was a reasonable amount of time for the fee petition.

■ The other component of the lodestar is the hourly rate. Levy requests a fee of $70.00 per hour, without revealing in his petition whether this constitutes his standard hourly fee for private clients. Although a lawyer's normal hourly rate is a convenient point of departure, it does not necessarily establish a reasonable rate for purposes of a fee petition. *See Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1217 (3d Cir. 1978). The important determinations are what constitutes a reasonable hourly fee "in light of all the circumstances of the litigation," *id.*, and what is reasonable considering the attorney's "experience, knowledge, and legal talent." *Lindy Brothers, Inc. v. American Radiator and Standard Sanitary Corp.*, 540 F.2d 102, 117 (1976), (*Lindy II*).

Levy has been a member of the bar for ten years. He was a trial attorney for three and one-half years with the Defender Association of Philadelphia, where he was Chief of the Motions Division and Chief of the Family Court Division. He also served in the homicide division of the Philadelphia District Attorney's Office for one year, and in the office of the Special Prosecutor of the Commonwealth of Pennsylvania. For the past four years, he has been engaged in private practice, during which time he has represented numerous plaintiffs in civil rights actions in this and other courts.

■ The hourly fees permitted counsel by other judges in this district have varied from $36.00 to $125.00 per hour, depending largely upon the number of years experience the attorney has and the caliber of law that he practices. *Swickler v. William Armstrong & Sons, Inc.*, C.A.No. 76–1999, 484 F.Supp. 762 at 772, 773 (E.D.Pa. 1980). With ten years experience, most of it as an active trial attorney, Levy's time is equivalent in value to that of a junior partner in a large firm, and I find that $70.00 per hour is a reasonable rate to award. Ordinarily, preparation of the fee petition is not compensated at the same rate fixed for counsel's legal services, because most fee petitions involve a great deal of clerical work which should be performed by non-lawyer personnel. *Id.* at 773. However, in the instant case, since very few total hours were involved, little clerical work was necessary to prepare the petition, and the majority of time devoted to the petition consisted of counsel's discussion of the applicable law. Thus, I will allow counsel $70.00 for the one hour spent preparing the fee petition. Multiplying the number of hours, 6.40, by the hourly rate, $70.00, results in a lodestar total of $448.00.

Having determined the lodestar amount, it is necessary to determine whether any upward or downward adjustments should be made. In the instant case, since counsel was retained by a defendant under an agreement to compensate him on an hourly basis, there is no reason to make an upward adjustment for the contingent nature of the case.

Counsel does not seek, and I find no reason to award, a percentage increase to reflect the quality of counsel's work. Levy's presentations to the court were concise, well-written, and well-researched. However, there were no difficult or unusual issues in the case, and the quality of counsel's work is amply reflected in the hourly rates he was awarded.

---

**3.** In *Prandini*, the circuit court authorized compensation for time spent by a prevailing plaintiff's counsel in preparing a fee petition. Here, the request is by counsel for a prevailing defendant. Under the rationale of *Prandini*, since the request is not adverse to the interest of Levy's client, and in fact furthers her interest, time spent preparing the petition should be compensated. 585 F.2d at 53.

Finally, I must determine whether to make a "post-*Lindy* discretionary adjustment," . . . in light of "all factors relevant to the reasonableness of the award." *Hughes v. Repko, supra*, (Garth, J., concurring), 578 F.2d at 492. Nash earns only $1.02 per day at his job in Graterford Prison, and thus the prospect of his paying the award against him is slight. Out of consideration for Nash's limited earning power, I will make a downward adjustment in the lodestar amount, and award a counsel fee in the amount of $300.00.