Gerald H. GREENSIDE, individually and on behalf of all others similarly situated, Plaintiffs,

v.

George R. ARIYOSHI, individually and in his capacity as Governor, State of Hawaii; Tany S. Hong, individually and in his capacity as Director, Department of Regulatory Agencies, State of Hawaii; Donald D. H. Ching, individually and in his capacity as Deputy Director, Department of Regulatory Agencies, State of Hawaii; and, Larry Dunbar, Acting Executive Secretary, Hawaii Real Estate Commission, Department of Regulatory Agencies, State of Hawaii, Defendants.

Civ. No. 80–0618.

United States District Court, D. Hawaii.

Nov. 25, 1981.

Evan R. Shirley, Honolulu, Hawaii, for plaintiffs.

Randall Y. Iwase, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

### ORDER DENYING MOTION FOR ATTORNEY'S FEES

HEEN, District Judge.

Plaintiff's Motion for Award of Attorney's Fees arises from his action seeking a declaratory judgment that Hawaii Revised Statutes, Section 514E–11(1), as it existed at the time, relating to time-sharing plans,[1] was in violation of the First and Fourteenth Amendments of the United States Constitution. The action also sought an injunction pursuant to 42 U.S.C. § 1983[2] against enforcement of the statute under color of State law.

The disputed section of the law would have prohibited agents of time-share units or plans from soliciting prospective purchasers on any public street, beach, or other public property or facility.[3] Plaintiff was

---

1. The law defines "time-share plan" to be any plan or program in which the use, occupancy, or possession of one or more time-share units circulates among various persons for less than a sixty-day period in any year, for any occupant.

2. 42 U.S.C. § 1983 provides:
 Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

3. Hawaii Revised Statutes, Section 514E–11(1) provided:
 Prohibited practices. It is a violation of this chapter for any sales agent or acquisition agent of time-share units or plans to:
 (1) Solicit prospective purchasers on any public street, beach, or other public property or facility;

involved in the business of promoting and selling time-share units and plans. The law took effect on June 29, 1980, and rules and regulations in accordance therewith were promulgated by the State Department of Regulatory Agencies, effective November 15, 1980. The law was then in position to be enforced.

The enactment of the statute was surrounded with controversy, and the impending enforcement created further controversy. On December 1, 1980, Plaintiff's counsel, Evan Shirley (hereafter Shirley), informed Defendant Tany S. Hong [4] (hereafter Hong) by telephone that Plaintiff planned to file a civil action challenging the constitutionality of H.R.S. § 514E–11(1). After consulting with the then Attorney General, Hong indicated to Shirley that the State would be willing to forego enforcement of the law if, upon review by the Attorney General, it was determined that the disputed section was unconstitutional. Hong also indicated to Shirley that should a suit be filed, he would be willing to review a draft of a temporary restraining order and if there were no objections, the State would be willing to stipulate to the entry of the TRO.

On December 2, 1980, Shirley brought the suit documents to Hong for review. Hong again stated that there was no need to file suit and that, as evidence of the State's good faith, the Department of Regulatory Agencies had notified all time-share developers, acquisition agents, sale agents and plan managers of the State's intent not to enforce the statute pending determination of its constitutionality by the court.[5] At that time, Hong declined to stipulate to the entry of a temporary restraining order.[6] Plaintiff thereupon filed the instant action on December 3, 1980. A consent judgment

was entered on March 9, 1981. In the consent judgment the parties made no admissions as to any issues of fact or law and Defendants agreed not to enforce or attempt to enforce H.R.S. § 514E–11(1). The consent judgment left for determination of the court any issues respecting costs and attorney's fees.

Plaintiff subsequently filed this motion as the prevailing party in this action seeking an award of attorney's fees and costs pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988.[7] Defendants contend that special circumstances exist in the instant case which should preclude the award of attorney's fees.

The Court agrees that the special circumstances of the case are such that the filing of this suit was superfluous and unnecessary to Plaintiff's ultimate relief and, therefore, attorney's fees should not be awarded.

■ Plaintiff has obtained the relief sought and, therefore, is undoubtedly the prevailing party. The fact that the relief was obtained by way of settlement does not preclude an award of attorney's fees. *Morrison v. Ayoob*, 627 F.2d 669 (3rd Cir. 1980). The fact that a plaintiff prevailed through settlement rather than through litigation does not weaken the claim for fees. *Gagne v. Maher*, 594 F.2d 336 (2nd Cir. 1979) aff'd 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

■ The award of attorney's fees pursuant to Section 1988, however, is nonetheless within the discretion of the court. In *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam), the Supreme Court held that successful plaintiffs in a suit for injunctive relief under Title II of the Civil Rights Act of 1964 "should ordinarily recov-

---

**4.** At that time, Hong was Director of the Department of Regulatory Agencies. Since then he has assumed the post of State Attorney General.

**5.** Letter dated December 2, 1980, attached as Exhibit C to Defendant's memo in opposition.

**6.** It should be noted that the stipulation prepared by Plaintiff's counsel did not provide for

Hong's signature but for the signature of the then Attorney General, Wayne Minami.

**7.** The law provides that in any action or proceeding to enforce a provision of Section 1983, the court in its discretion may allow the prevailing party a reasonable attorney's fee as part of the costs.

er an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 402, 88 S.Ct. at 966. This same standard has been applied to awards under Section 1988. *Aho v. Clark*, 608 F.2d 365 (9th Cir. 1979).

Further, no award of fees is required if the court determines that plaintiff's suit was completely superfluous to achieving the improvements undertaken by defendants on plaintiff's behalf. *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978), *Bush v. Bays*, 463 F.Supp. 59 (E.D.Va.1978). An award of attorney's fees in a civil rights action must not be such as to encourage the overpressing of marginal claims. *Nash v. Reedel*, 86 F.R.D. 16 (E.D.Pa.1980), *Furtado v. Bishop*, 84 F.R.D. 671 (D.C.Mass.1979).

The test for compensation is whether a given step was necessary to attain the relief afforded. If the maneuver was required by the adjudicatory process, then the hours spent handling that step should be fully compensable, but if it was irrelevant to the ultimate judgment, the party must pay for it himself. *Nadeau, supra.*

Defendants claim that this litigation was entirely unnecessary in the face of their willingness to voluntarily forego enforcement of the statute pending determination of the constitutionality thereof. As noted earlier, following the December 1 conversation with Shirley, Defendant Hong issued his letter advising all concerned that his office was suspending enforcement of H.R.S. § 514E–11(1) until further notice. Shirley in the meantime had prepared all the necessary documents for instituting this action and a temporary restraining order to be entered according to Hong's previous agreement to stipulate thereto. Shirley determined that, notwithstanding Hong's letter, it was necessary for the protection of his client's First Amendment rights to file the action.

Plaintiff contends that under the circumstances of Hong's reversal of his agreement to sign a stipulated order, the State administration could not be trusted not to reverse the decision to suspend enforcement of the statute. Furthermore, Plaintiff argues that any such suspension was subject to subsequent modification or termination, thus once again subjecting Plaintiff to threatened prosecution. Plaintiff strongly points out that Defendants are vested with authority to *enforce* the law, *not* with discretion to arbitrarily and unilaterally suspend its enforcement. Plaintiff further argues that the only authority that could give him complete relief was the State Legislature.

In *Naprstek v. City of Norwich*, 433 F.Supp. 1369 (N.D.N.Y.1977), the court denied fees holding that "neither Congress nor the Supreme Court intended that private attorneys general need be encouraged to make mountains out of molehills. Nor do we think that Congress intended to reward attorneys for burdening federal courts with unnecessary litigation when they have not even attempted to remedy their clients' grievances by talking out their differences with duly constituted executive and legislative authorities at the local level." *Id.* at 1371.

Plaintiff distinguishes *Naprstek* first on the basis that the duty of Defendants is to enforce the law and, therefore, they could not give him complete relief.

Plaintiff's position ignores the fact that the attorney general is the chief legal officer for the State of Hawaii. *Hawaii Revised Statutes*, Chapter 28. As such, he and the Director of the Department of Regulatory Agencies are vested with discretionary authority as to whether or not to prosecute any particular case. The courts have recognized this discretionary authority and have been reluctant to overturn its exercise, relying on the constitutional separation of powers. *U. S. v. Olson*, 504 F.2d 1222 (9th Cir. 1974), *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2nd Cir. 1973).

In the instant case, Shirley spoke only to Hong. Although the temporary restraining order he had prepared was for signing by the attorney general, there is nothing to indicate that Shirley spoke to that official or attempted to persuade him to sign the

order. In truth, as chief legal officer for the State of Hawaii only the attorney general was authorized to sign such an order. In fact, Hong, presumably with the attorney general's concurrence, had given relief, subject only to his review.

Under the circumstances, it was certainly incumbent on Shirley to confer further with the attorney general. *Naprstek, supra.* There is every reason to believe that a settlement of the dispute could have been achieved without the necessity of filing suit. The State had voluntarily suspended enforcement of the statute. The letter to all interested parties was a clear indication of the State's concern over the law's enforceability. While it is true that the situation could have changed and enforcement again be threatened, the public notoriety of the dispute was such that Shirley or his client would surely have received advance notice. Shirley would still have had the opportunity. to reach the courthouse before any arrest of his client.

Plaintiff further distinguishes this case from *Naprstek, supra*, on the further ground that relief here could only be granted by the legislature. This is correct insofar as long term relief is concerned. However, the State Legislature convenes on the third Wednesday of January of every year.[8] In 1981 the session began on January 21, seven weeks after suit was filed. Hong had already agreed not to enforce the statute. In that very session, the legislature amended the law removing the offending language and completely substituting new provisions in no way relating to the previous language. The amendment was passed by the legislature on April 23 and signed on May 30, 1981.[9]

In the present case, the filing of suit was unnecessary to the ultimate result obtained. Defendants were willing to negotiate and settle the question of enforcement of the statute without resort to suit. Despite Defendants' willingness to negotiate, Plaintiff filed his complaint with this court. The legislature, reacting to the question of con-

stitutionality, amended the statute shortly after it was in position to be enforced. Plaintiff's questioning of the law may have triggered the State to take some kind of action; however, Plaintiff did not give Defendants a reasonable opportunity to review the law and make a final determination of its constitutionality before filing suit.

Given the actions of the parties, and the outcome, this Court concludes that the purpose of § 1988 would not be served by an award of fees.

Accordingly, *IT IS HEREBY ORDERED* that Plaintiff's Motion for Award of Attorney's Fees is *DENIED.*

---

**8.** The Constitution of the State of Hawaii, Art. III, S. 10.

**9.** Act 81, Session Laws of Hawaii 1981.