Filed 9/11/13  Henderson v. Carter CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BILL HENDERSON,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEXTER CARTER,<br><br>        Defendant and Appellant. | B243220<br><br>(Los Angeles County<br>Super. Ct. No. BC23154) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rex Heeseman, Judge.  Affirmed.

Akudinobi & Ikonte, Emmanuel C. Akudinobi and Chijioke O. Ikonte, for Plaintiff and Appellant.

Coleman & Associates, Lawyers, John M. Coleman and Eric R. Schaefer, for Defendant and Respondent.

# I.  INTRODUCTION

Defendant, Dexter Carter, appeals from an amended judgment on a special verdict awarding attorney fees to plaintiff, Bill Henderson.  The award of attorney fees followed a favorable plaintiff's verdict in a case litigated pursuant to title 42 United States Code section 1983 ("section 1983").[1]  Plaintiff was awarded attorney fees of $109,977. Plaintiff eventually sought $549,885 in attorney fees.  Defendant contends the trial court abused its discretion by not further reducing or denying plaintiff's award of attorney fees. We affirm the amended judgment.

# II.  FACTUAL BACKGROUND

We provided a detailed factual background of this case in a prior opinion. (*Henderson v. Carter* (Aug. 20, 2013, B241994) [nonpub. opn.].)  We need not repeat it here.  Plaintiff previously appealed the trial court's aforementioned reduction of his attorney fees request.  We found the trial court did not abuse its discretion.

On April 27, 2011, plaintiff prevailed in a jury retrial against defendant and was awarded $17,940.80.  On August 25, 2011, plaintiff moved for an award of reasonable attorney fees pursuant to section 1988.  Plaintiff's attorney billed at a rate of $250 to $450 per hour over the course of the litigation. This amounted to $1,586,887.70 for 5,054.8 hours.  Plaintiff initially requested a multiplier of 1.5 for a total amount of $2,380,331.55.

Following a hearing before the trial court, plaintiff's attorneys submitted a supplemental brief.  Plaintiff's attorneys reduced their hours to 1,832.95 at a flat billing rate of $300 per hour.  Plaintiff requested attorney fees in the amount of $549,885.

On February 28, 2012, the trial court issued an order granting plaintiff's attorney fees motion in part. The trial court noted plaintiff's initial request of $2,380,331.55 was

---

[1]  Future statutory references are to title 42 of the United States Code.

an unfathomable fee award. The trial court accepted the figure of $549,885 as reasonable. However, the trial court further reduced plaintiff's attorney fees award by 80 percent, from $549,885 to $109,977. In reaching this figure, the trial court considered the critical factor of plaintiff's limited success. On May 1, 2012, the trial court issued the amended judgment reflecting attorney fees and costs. On August 9, 2012, defendant appealed.

## III.  DISCUSSION

Section 1988(b) provides that in an action to enforce a provision of designated civil rights statutes, including section 1983, "[T]he court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs . . . ." (42 U.S.C. § 1988(b).) The United States Supreme Court has held, "The purpose of § 1988 is to 'ensure effective access to the judicial process' for persons with civil rights grievances. [Citation.]" (*Hensley v. Eckerhart* (1983) 461 U.S. 424, 429 ("*Hensley*"); *Harman v. City and County of San Francisco* (2006) 136 Cal.App.4th 1279, 1307.) Section 1988 attorney fees may be awarded in section 1983 cases litigated in state courts. (*Maine v. Thiboutot* (1980) 448 U.S. 1, 10-11; *Sinclair & Valentine Co. v. County of Los Angeles* (1988) 201 Cal.App.3d 1021, 1024, fn. 2.) We review the trial court's award of attorney fees under section 1988 for an abuse of discretion. (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 989 ("*Chavez*"); *Robbins v. Regents of Univ. of Cal.* (2005) 127 Cal.App.4th 653, 665.) A trial court abuses its discretion if its fee award is based on an inaccurate view of the law or a clearly erroneous finding of fact. (*Benton v. Or. Student Assistance Com.* (9th Cir. 2005) 421 F.3d 901, 904; *Wilcox v. City of Reno* (9th Cir. 1994) 42 F.3d 550, 553.)

Defendant argues the trial court abused its discretion by not further reducing or denying plaintiff's attorney fees award. Defendant's arguments are meritless. Defendant argues plaintiff's recovery was de minimus and a Pyrrhic victory. Defendant relies on *Choate v. County of Orange* (2000) 86 Cal.App.4th 312, 324 ("*Choate*"). In

3

*Choate*, the plaintiffs prevailed in a civil rights claim for excessive force under section 1983 against several sheriff deputies. (*Id*. at p. 320.) The plaintiffs were awarded $5,719 in compensatory and punitive damages. (*Ibid.*) The trial court awarded no attorney fees to the plaintiffs. (*Id*. at pp. 320-321.) The appellate court affirmed the decision to deny the plaintiffs' attorney fees. (*Id*. at p. 318.) The appellate court found under United States Supreme Court precedent that recovering nominal damages merited no attorney fees. (*Choate*, *supra*, 86 Cal.App.4th at p. 324 quoting *Farrar v. Hobby* (1992) 506 U.S. 103, 115 ["When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, . . . the only reasonable fee is usually no fee at all."].) Considering the plaintiffs' limited success, the appellate court concluded the trial court did not abuse its discretion by awarding no attorney fees. (*Choate*, *supra*, 86 Cal.App.4th at p. 325.) We need not address the issue of the correctness of *Choate* in light of *Lefemine v. Wideman* (2012) 568 U.S. ___, ___ [133 S.Ct. 9, 11-12].

Defendant's argument is unpersuasive. Here, the trial court correctly exercised its discretion and awarded fees. As noted in *Choate*: "[T]he determination whether a victory is de minimus is generally left to the sound equitable discretion of the trial court in the first instance 'so as to avoid a second major litigation strictly over attorneys' fees.' [Citation.]" (*Choate*, *supra*, 86 Cal.App.4th at p. 326; see *Hensley*, *supra*, 461 U.S. at p. 437 ["We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."].) Here, the trial court had discretion to award attorney fees.

When a party submits an unreasonably inflated fee request, the trial court has discretion to reduce the fee award. (*Chavez*, *supra*, 47 Cal.4th at p. 990; *Serrano v. Unruh* (1982) 32 Cal.3d 621, 635.) The record supports the trial court's decision. Plaintiff prevailed in this action against defendant and was awarded $17,940.80. The trial court opted to reduce the lodestar which was within its discretion.

4

Defendant contends he and Los Angeles County will be punished by awarding plaintiff attorney fees.  Defendant cites to *Perdue v. Kenny A.* (2010) 559 U.S. 542 ___, [130 S.Ct. 1662, 1676-1677] ("*Perdue*").  In *Perdue*, the United States Supreme Court reversed the lower court which permitted an enhancement of an attorneys fees award without providing a reasonably specific explanation.  (*Ibid.*)  The high court noted:  "In many cases, attorney's fees awarded under § 1988 are not paid by the individuals responsible for the constitutional or statutory violations on which the judgment is based.  Instead, the fees are paid in effect by state and local taxpayers, and because state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services."  (*Ibid.*)

Defendant's argument is unavailing.  In *Hensley*, the United States Supreme Court found:  "The purpose of section 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances.  [Citation.]"  (*Hensley*, *supra*, 461 U.S. at p. 429; see *Hutto v. Finney* (1978) 437 U.S. 678, 693-694 [finding states are not immune from paying attorney fees under section 1988]; *EWAP, Inc. v. City of Ontario* (1986) 177 Cal.App.3d 1108, 1118 [holding the fact attorney fees may be awarded from limited taxpayer funds is not a special circumstance precluding an award].)  No abuse of discretion occurred.

## IV. DISPOSITION

The amended judgment is affirmed.  Plaintiff, Bill Henderson, is awarded his costs and attorney fees on appeal from defendant, Dexter Carter.  Any attorney fee request may be pursued pursuant to California Rules of Court, rules 3.1702(c) and 8.278(c).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

6