In the Matter of CHARLIE M. BESS, on Behalf of Herself and Her Infant Children, Appellant, v PHILIP L. TOIA, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services, dated March 16, 1977 and made after a statutory fair hearing, which, *inter alia,* affirmed a determination of the local agency to deny petitioner a burial assistance grant in the sum of $650 for her deceased son, petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County, entered November 18, 1977, as denied her application for an attorney's fee. Judgment affirmed insofar as appealed from, without costs or disbursements. The sole issue on this appeal is whether it was an abuse of discretion to deny petitioner's application for an attorney's fee. The petitioner, represented by Westchester Legal Services, Inc., commenced this proceeding to review a determination by the respondent State commissioner which affirmed a determination of the local agency denying her a burial assistance grant and further directed recoupment of an advance in petitioner's public assistance allocation. The petition contains several allegations, including the claim that the denial of burial assistance constituted a denial of petitioner's rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution and that the petitioner was therefore entitled to damages pursuant to section 1983 of title 42 of the United States Code. Based upon the civil rights claim, the petition also requested an award of an attorney's fee pursuant to section 1988 of title 42 of the United States Code. Special Term substantially granted the requested relief vis-à-vis the denial of the burial assistance, but denied so much of the petition as requested damages and a counsel fee. Section 1983 of title 42 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." In pertinent part, section 1988 of title 42 provides: "In any action or proceeding to enforce a provision of sections * * * 1983 * * * of this title * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." At the outset, we unequivocally hold that section 1988 of title 42 of the United States Code is fully applicable to proceedings pending in the courts of this State, even in the absence of an express New York statutory provision. However, the determination that State courts have an abstract power to grant an attorney's fee does not mean that such an award is appropriate in every case. The present proceeding is one such case where it is not appropriate. Without passing on the merits of the underlying proceeding, it is apparent here that there is no bona fide civil rights claim pursuant to section 1983 of title 42 of the United States Code. Rather, this proceeding concerns no more than an administrative construction and application of a State statute (Social Services Law, § 141). Our review of Special Term's decision reveals that its language concerning equal protection of the laws for that class of persons who are poor negotiators is wholly unnecessary to the result and is of dubious constitutional validity. Similarly, the injection of a civil rights claim under section 1988 of title 42 of the United States

Code, into an otherwise ordinary CPLR article 78 proceeding, is insufficient to create a substantial constitutional question. This is not a situation where there are both substantial constitutional and nonconstitutional claims arising out of a common nucleus of operative facts (cf. *Seals v Quarterly County Ct. of Madison County,* 562 F2d 390; *Kimbrough v Arkansas Activities Assn.,* 574 F2d 423). Instead, the present proceeding contains no facts which rise to the level of a substantial constitutional question. Therefore, an award of a counsel fee in accordance with section 1988 of title 42 of the United States Code would be inappropriate. We note in passing, that even if this were an appropriate proceeding for such relief, the determination to make such an award is entirely discretionary. Special Term's decision makes clear that the request for damages was fully considered and denied. Since such relief is founded in section 1983 of title 42 of the United States Code, it must be inferred that Special Term thought that such claim was of no merit and, in this context, it, of course, was not an abuse of discretion to deny an award of a counsel fee. Martuscello, Rabin and Margett, JJ., concur.

Hopkins, J. P., dissents and votes to reverse the judgment insofar as it has been appealed from and to remand the proceeding to Special Term for the fixation of a counsel fee, if any, with the following memorandum: The question before us is whether a State court is authorized to award a counsel fee to a prevailing party under the Civil Rights Attorney's Fees Award Act (US Code, tit 42, § 1988). That act provides that in an action or proceeding to enforce the provisions of sections 1981, 1982, 1983, 1985 and 1986 of title 42 of the United States Code the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. This proceeding under CPLR article 78 was brought to declare invalid and unconstitutional the recoupment provisions of 18 NYCRR 352.7 (g) (7), 372.2 (a) (2) and the burial policy of the Commissioner of Social Services of Westchester County, for damages and for a reasonable attorney's fee. The petitioner and her children receive public assistance. Her oldest son, aged 16, was killed. The petitioner asked the County Department of Social Services for emergency assistance for the burial of her son's body. She was unable to reach the caseworker and she then made her own arrangements with an undertaker for the funeral and burial. Following the burial the petitioner again requested assistance and it was denied; she had spent most of her monthly grant to pay part of the cost of the burial and, in order to obtain an advance to pay her rent, she agreed to allow the recoupment of the advance out of the following six months' assistance payments. Thereafter, the petitioner sought a fair hearing to review the decision of the county department; the hearing was held and the State Commissioner of Social Services affirmed the decision. The petitioner commenced an article 78 proceeding, *inter alia,* to stay the reduction of the monthly grants; Special Term granted a temporary stay. Later, Special Term determined that the rule of the county department refusing assistance for the burial because the cost exceeded $650 was invalid, as it denied "equal treatment to welfare recipients who cannot bury their dead" and violated section 141 of the Social Services Law; accordingly, Special Term directed the county department to pay $650 for burial expenses to the petitioner. Special Term affirmed the denial to the petitioner of emergency assistance and did not invalidate the recoupment provisions of the State regulations. Special Term denied an award of an attorney's fee without discussion. Both sides appealed from the determination of Special Term. Subsequently, the county department paid the petitioner the amount of

$650 directed by Special Term. The county and State commissioners have not pursued their appeals. Hence, the question presented to us by the petitioner is whether she may be entitled to an award of an attorney's fee. In this proceeding the petitioner claims a violation of section 1983 of title 42 of the United States Code, under the equal protection clause of the Fourteenth Amendment, as well as a violation of section 141 of the Social Services Law. The respondents argue in turn that there is no authority for an award of an attorney's fee in an article 78 proceeding. True, there is no State statute which grants that authority, but the Federal statute expressly provides for the award of an attorney's fee to a prevailing party (US Code, tit 42, § 1988). As the Federal claim may be pursued in a State court (since exclusive jurisdiction was not vested in the Federal courts), the State court is empowered to award an attorney's fee under the Federal statute, just as the Federal courts are empowered. Under the supremacy clause, a State court cannot "refuse to enforce the right arising from the law of the United States because of conceptions of impolicy or want of wisdom on the part of Congress in having called into play its lawful powers" (*Minneapolis & St. Louis R. R. Co. v Bombolis,* 241 US 211, 222; see, also, *Testa v Katt,* 330 US 386). That interpretation of Federalism has been dutifully followed by New York courts (see, e.g., *Teeval Co. v Stern,* 301 NY 346, 367; cf. *O'Neil v Brooklyn Sav. Bank,* 180 Misc 542, mod 267 App Div 317, affd 293 NY 666). In the recently decided case of *Hutto v Finney* (437 US 678) the Supreme Court of the United States upheld the award of counsel fees against the State of Arkansas. Other conditions being satisfied, the Federal statute invests jurisdiction in State courts to award a counsel fee for violations of section 1983 of title 42 of the United States Code. Two points are raised by the respondents, however, which implicate the thrust of the Federal statute. First, it is said that the petitioner was not a prevailing party. But, in fact, the petitioner was successful in gaining the enforcement of assistance for the burial of her son as against the policy of the county department and in obtaining a declaration that the policy was invalid. That the county department later acquiesced in the court's determination by paying the $650 prior to this appeal cannot avoid the issue nor lessen the petitioner's success. Second, it is contended that the petitioner succeeded not on constitutional grounds pursuant to section 1983, but on State statutory grounds under section 141 of the Social Services Law. I do not read the opinion of Special Term so narrowly and I believe that Special Term's reference to the absence of "equal treatment" to be equivalent to the denial of "equal protection". But even assuming that the claim that Special Term's determination lay on statutory rather than on constitutional grounds is correct, that conclusion in itself does not foreclose an award of an attorney's fee. It is now clear that the Federal courts have jurisdiction to proceed under statutory grounds pursuant to section 1983 of title 42 of the United States Code, even where a constitutional claim, though pleaded, was not vindicated or even considered (*Hagans v Lavine,* 415 US 528), following the test of a "common nucleus of operative fact" first announced in *Mine Workers v Gibbs* (383 US 715, 725). That is to say, if the facts presented by the party proceeding under section 1983 raise both constitutional and statutory grounds, the jurisdiction of the court to grant an attorney's fee survives, though the determination on the merits ultimately is made on statutory grounds alone (see *Kimbrough v Arkansas Activities Assn.,* 574 F2d 423; *Seals v Quarterly County Ct. of Madison County,* 562 F2d 390). That view promotes the most efficient use of section 1983 since it permits all claims to be pursued at once and recognizes that courts prefer, if the course is open, to rest their decision on the force of

the statute, rather than to declare a statute unconstitutional. Moreover, it recognizes the realism that the work of the attorney cannot be easily separated in dealing with the several grounds presented. Here, the unequal treatment found by Special Term to have existed toward the petitioner involved both constitutional and statutory violations and the case presented a classic example of a "common nucleus of operative fact." I cannot be sure whether Special Term denied an attorney's fee because of a belief that it did not possess the authority to make such an award, or that in its discretion it decided not to do so. For that reason, I would remand the proceeding to Special Term for the exercise of its discretion. Of course, the fact that the petitioner is represented by Westchester Legal Services, Inc., would not be a reason for refusing an award. An organization providing free legal services is not disabled from receiving an award of an attorney's fee *(Torres v Sachs,* 538 F2d 10, 13; *Brandenburger v Thompson,* 494 F2d 885, 889; *Beazer v New York City Tr. Auth.,* 558 F2d 97, 100; see, also, *Consumers Credit Corp. v Green,* 88 Misc 2d 87; note Awards of Attorney's Fees to Legal Aid Offices, 87 Harv L Rev 411). [93 Misc 2d 140.]