[No. 11177-9-I. Division One. June 18, 1984.]

RONALD D. DURANCEAU, *Respondent*, v. THE CITY OF TACOMA, ET AL, *Appellants.*

*Robert R. Hamilton, City Attorney,* and *Mark L. Bubenik, Assistant,* for appellants.

*MacDonald, Hoague & Bayless* and *Robert C. Randolph,* for respondent.

DURHAM, C.J.—Ronald D. Duranceau appeals from a denial of statutory attorney's fees requested pursuant to 42 U.S.C. § 1988. Although the facts of this case are set forth in our prior decision in *Duranceau v. Tacoma,* 27 Wn. App. 777, 620 P.2d 533 (1980), we will summarize them here for the sake of clarity.

The City of Tacoma obtains part of its water supply from the Green River watershed in King County. The City owns most of the land along the Green River itself, in addition to most of the land within the town of Lester, a small town located in the watershed. *See Duranceau,* at 778. Because of Lester's proximity to the City's water supply, the City viewed Lester as a health threat. *Duranceau,* at 779.

Accordingly, the City sought to reduce Lester's population by restricting the employment opportunities of Lester residents. Logging companies that operated in the watershed were informed that access to the area would be cut off if they employed Lester residents.

In 1978, Duranceau was offered a job with a logging company operating in the watershed. The offer was withdrawn, however, after a City representative informed the employer that access to the watershed would be cut off if Duranceau was hired. Duranceau then filed suit against the City under 42 U.S.C. § 1983 alleging the deprivation of his constitutional rights to due process, equal protection, and employment. He also asserted tortious interference with a contract. The trial court granted the City's motion to dismiss, but was reversed by this court in *Duranceau v. Tacoma, supra.*

On remand, the trial court granted Duranceau's motion for summary judgment on the liability issue, and a jury awarded $40,000 damages. Duranceau then moved for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988, and a hearing was held on December 28, 1981. The trial court issued a memorandum decision on February 22, 1982 denying the fee request, and on March 9 denied Duranceau's motion for reconsideration by oral opinion.

The court in its memorandum decision and oral opinion relied upon the following reasons for denying the fee request:

(1) Duranceau's lawsuit was not a class action, and resulted in the vindication of purely private rights.

(2) Duranceau's claims did not involve civil rights of broad significance.

(3) Duranceau's claims did not raise novel or difficult legal issues.

(4) Duranceau was able to retain competent counsel on a contingent fee basis.

(5) Duranceau was adequately compensated by the damage award.

(6) The City did not act reprehensibly or in bad faith.

The City appealed the damage award on jurisdictional grounds, and Duranceau cross–appealed the denial of

attorney's fees. The parties agreed to a dismissal of the City's appeal, leaving only the question of attorney's fees for this court.

Duranceau contends that the trial court abused its discretion in completely denying his request for attorney's fees. He alleges that attorney's fees should be routinely awarded under section 1988 absent "special circumstances" rendering an award unjust, and that no such circumstances are present in this case. We agree.

In 1976, Congress amended 42 U.S.C. § 1988 to provide that in any action brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983,[1] "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.[2] *See New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983). As this language makes clear, the decision to award attorney's fees is within the discretion of the trial court. *Members of the Bridgeport Housing Auth. Police v. Bridgeport,* 564 F. Supp. 2, 6 (D. Conn. 1982). However, the scope of the trial court's discretion is extremely narrow. In enacting the amendment to section 1988, Congress sought to encourage the vindication of civil rights through the mechanism of private lawsuits. *See* S. Rep. No. 1011, 94th Cong., 2d Sess. 2–3, *reprinted in* 1976 U.S. Code Cong. & Ad. News 5908, 5910. Congress specifically indicated that a successful plaintiff "'should ordinarily recover an attorney's fee *unless special circumstances*

---

[1]Section 1983 of 42 U.S.C. provides in relevant part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[2]Section 1988 applies in section 1983 suits brought in state court by virtue of the supremacy clause. *Ramirez v. County of Hudson,* 169 N.J. Super. 455, 404 A.2d 1271, 1272 (1979). *Accord, Jacobsen v. Seattle,* 98 Wn.2d 668, 676, 658 P.2d 653 (1983). The statute applies even if the state in which the action is brought does not have a statute authorizing attorney's fees for similar types of actions. *Bess v. Toia,* 66 A.D.2d 844, 411 N.Y.S.2d 651, 653 (1978).

*would render such an award unjust.'"* (Italics ours.) S. Rep. No. 1011, at 4, *reprinted in* 1976 U.S. Code Cong. & Ad. News, at 5912 (quoting *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 19 L. Ed. 2d 1263, 88 S. Ct. 964 (1968)). Accordingly, the federal courts have recognized a presumption that successful section 1983 plaintiffs should recover a reasonable attorney's fee absent such special circumstances. *See, e.g., Kirchberg v. Feenstra,* 708 F.2d 991, 998 (5th Cir. 1983); *Kerr v. Quinn,* 692 F.2d 875, 877 (2d Cir. 1982); *Staten v. Housing Auth.,* 638 F.2d 599, 604 (3d Cir. 1980); *Sethy v. Alameda Cy. Water Dist.,* 602 F.2d 894, 897 (9th Cir. 1979), *cert. denied,* 444 U.S. 1046 (1980); *Bonnes v. Long,* 599 F.2d 1316, 1318 (4th Cir. 1979). The Supreme Court has implicitly approved this presumption. *See Hensley v. Eckerhart,* 461 U.S. 424, 429, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).

Once the court determines whether a section 1983 plaintiff is entitled to *any* attorney's fee, it must then determine the appropriate amount. In so doing, the federal courts generally consider the factors set forth in *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[3] *See, e.g., Capozzi v. Albany,* 565 F. Supp. 771, 774 (N.D.N.Y. 1983); *United Nuclear Corp. v. Cannon,* 564 F. Supp. 581, 587 (D.R.I. 1983). Thus, the questions of awarding fees and of determining the appropriate amount are treated separately. Because the trial court in this case completely denied the fee request, the appropriate inquiry is if any of

---

[3]The factors are: (1)the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). The legislative history of section 1988 shows that Congress intended that these factors be applied in awarding fees in civil rights cases. *See* S. Rep. No. 1011, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S. Code Cong. & Ad. News 5908, 5913.

the factors which it relied upon constitute a special circumstance that would render an award unjust. Analysis of the legislative history of section 1988 and relevant federal case law convinces us that no special circumstances are present in this case.

1. Suit not brought as a class action/lawsuit vindicated only private interests

The fact that Duranceau did not bring a class action and vindicated only private interests is unrelated to the propriety of a fee award. As noted above, Congress' purpose in allowing attorney's fees in section 1983 actions was to encourage the enforcement of constitutional rights. Accordingly, federal courts overwhelmingly reject the view that eligibility for attorney's fees under section 1988 depends upon the plaintiff procuring some sort of public benefit. *See, e.g., Kirchberg v. Feenstra,* 708 F.2d 991, 998–99 (5th Cir. 1983); *Metcalf v. Borba,* 681 F.2d 1183, 1188–89 (9th Cir. 1982); *Perez v. University of P.R.,* 600 F.2d 1, 2 (1st Cir. 1979); *Zarcone v. Perry,* 581 F.2d 1039, 1042 (2d Cir. 1978), *cert. denied,* 439 U.S. 1072 (1979).

Moreover, the fact that a prevailing civil rights plaintiff obtains only a private damage award does not mean that broader rights are not affected as such awards obviously serve as a deterrent to future civil rights violations. Thus, even if obtaining a public benefit is in some sense a prerequisite for a fee award, it does not follow that the plaintiff must bring his lawsuit as a class action.

2. Significance of rights vindicated

The trial court stated that this was not "a case of discrimination due to . . . race or color or sex as [Duranceau] is a white male." The court then opined that "Mr. Duranceau's claim did not involve civil rights of broad significance". The constitutional hierarchy posited by the trial court has nothing to do with the policies underlying section 1988. Even if such distinctions can be made,[4] nothing in

---

[4]The constitutional right to seek employment without unreasonable govern-

the legislative history of section 1988 indicates that Congress intended to condition eligibility for attorney's fees upon the significance of the constitutional right asserted. *See* S. Rep. No. 1011, 94th Cong., 2d Sess., *reprinted in* 1976 U.S. Code Cong. & Ad. News 5908.[5]

3. Novelty or difficulty of legal issues

Although the difficulty of the legal issues raised may be considered in fixing the amount of a fee award, *see Hart v. Walker*, 720 F.2d 1436, 1442 (5th Cir. 1983), it has never been considered a special circumstance justifying a complete denial of fees. *See Kinney v. Rothchild*, 678 F.2d 658, 660 (6th Cir. 1982); *Staten v. Housing Auth.*, 638 F.2d 599, 605 (3d Cir. 1980). A contrary holding would certainly undermine the purpose of section 1988 to encourage the

---

ment interference is recognized as fundamental. *See Duranceau v. Tacoma*, 27 Wn. App. 777, 780, 620 P.2d 533 (1980). As such, the "strict scrutiny" test applies, *see Dunn v. Blumstein*, 405 U.S. 330, 335–37, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972), just as it would had Duranceau alleged some form of egregious racial discrimination. Thus, the trial court's classification of Duranceau's claim was incorrect, even assuming that such a classification is relevant to the propriety of a fee award.

[5]*It should be noted that section 1983 encompasses claims based on both the constitution and federal statutory law. Maine v. Thiboutot, 448 U.S. 1, 4–8, 65 L. Ed. 2d 555, 100 S. Ct. 2502 (1980). Thus, because section 1988 applies to all section 1983 actions, Maine, 448 U.S. at 8–11, fee awards do not even require the assertion of a constitutional claim, let alone a constitutional claim of "broad significance."*

However, some federal courts have justified an outright denial of fees in part on the ground that the asserted right was relatively insignificant. For example, the City relies upon *Naprstek v. Norwich*, 433 F. Supp. 1369 (N.D.N.Y. 1977), in which the plaintiffs successfully attacked a curfew ordinance as void for vagueness. The court completely denied a fee award, stating its belief that "this case simply does not rise to [a sufficient] level of national priority or constitutional dimension . . .". *Naprstek*, 433 F. Supp. at 1370. However, there were additional circumstances underlying the court's decision. Counsel for the defendant/city indicated a willingness to meet with the plaintiffs in an attempt to redraft the ordinance, but this offer was refused. *Naprstek*, 433 F. Supp. at 1371. Accordingly, federal courts have never cited *Naprstek* for the proposition that the relative significance of the asserted right is a special circumstance. More often, *Naprstek* has been distinguished. *See, e.g., Crosby v. Bowling*, 683 F.2d 1068, 1071 (7th Cir. 1982); *Nadeau v. Helgemoe*, 581 F.2d 275, 279 n.3 (1st Cir. 1978); *Coyote v. Roberts*, 502 F. Supp. 1342, 1354 n.13 (D.R.I. 1980).

enforcement of the civil rights laws through private lawsuits. In any event, this case involves a novel issue, since the authority to sue municipalities under section 1983 was not established until after Duranceau had filed his claim. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).

4. Plaintiff's ability to retain counsel on contingent fee basis

The trial court based its denial of attorney's fees in part on the ground that Duranceau was able to attract competent counsel on a contingent fee basis. In so doing, the court implicitly embraced the so–called bright prospects rule, which holds that fee awards are unnecessary when the likelihood of success is so great that counsel can be retained even without the guarantee of such an award. Although the rule has been applied in both the Second and Ninth Circuits, *Buxton v. Patel,* 595 F.2d 1182 (9th Cir. 1979), *Zarcone v. Perry,* 581 F.2d 1039 (2d Cir. 1978), *cert. denied,* 439 U.S. 1072 (1979), we decline to adopt it for the following reasons.

First, the bright prospects rule has been either implicitly or expressly rejected by the majority of the federal circuits that have considered it. *See Cooper v. Singer,* 719 F.2d 1496, 1501 (10th Cir. 1983); *Sullivan v. Crown Paper Board Co.,* 719 F.2d 667, 669 (3d Cir. 1983); *Pharr v. Housing Auth.,* 704 F.2d 1216, 1217–18 (11th Cir. 1983); *Sanchez v. Schwartz,* 688 F.2d 503, 505 (7th Cir. 1982); *Sargeant v. Sharp,* 579 F.2d 645, 647–48 (1st Cir. 1978). More important, however, is the fact that the rule is based upon an overly narrow reading of the purposes underlying section 1988. The rule assumes that Congress' only goal in enacting section 1988 was to allow financially strapped plaintiffs to bring civil rights suits. However, Congress also sought to penalize obstructive litigation by civil rights defendants and generally deter civil rights violations. *See Cooper,* 719 F.2d at 1501; *Sanchez,* 688 F.2d at 505. These policies are served regardless of the plaintiff's ability to bring a lawsuit

absent a fee award. In addition, there is no indication in the legislative history that Congress regarded a plaintiff's bright prospects as a special circumstance rendering a fee award unjust. *See Sanchez,* 688 F.2d at 505 n.6.

Finally, the bright prospects rule has been greatly eroded in both the Second and Ninth Circuits. *See Kerr v. Quinn,* 692 F.2d 875 (2d Cir. 1982); *Criswell v. Western Airlines, Inc.,* 709 F.2d 544 (9th Cir. 1983).

### 5. Sufficiency of damage award

The fact that a plaintiff has recovered a large damage award is also not a special circumstance warranting a denial of attorney's fees. The legislative history states that "'the mere recovery of damages should not preclude the awarding of counsel fees.'" *Sethy v. Alameda Cy. Water Dist.,* 602 F.2d 894, 898 (9th Cir. 1979), *cert. denied,* 444 U.S. 1046 (1980) (quoting H.R. Rep. No. 1558, 94th Cong., 2d Sess. 8 (1976)). Moreover, the federal courts that have considered this factor have uniformly concluded that the fact of a large damage award is not a special circumstance. *See, e.g., Lenard v. Argento,* 699 F.2d 874, 899 (7th Cir.), *cert. denied,* 104 S. Ct. 69 (1983); *Sethy,* 602 F.2d at 898. The size of the plaintiff's damage award is more appropriately considered in fixing the amount of the fee. *See* S. Rep. No. 1011, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S. Code Cong. & Ad. News 5908, 5913.

### 6. Defendant's good faith

Federal courts have consistently held that good faith is not a special circumstance in section 1988 cases. *See, e.g., Espino v. Besteiro,* 708 F.2d 1002, 1005 (5th Cir. 1983); *Teitelbaum v. Sorenson,* 648 F.2d 1248, 1250 (9th Cir. 1981); *Bond v. Stanton,* 630 F.2d 1231, 1234 (7th Cir. 1980); *Love v. Mayor, Cheyenne, Wyo.,* 620 F.2d 235, 236 (10th Cir. 1980). *Accord, Jacobsen v. Seattle,* 98 Wn.2d 668, 675–76, 658 P.2d 653 (1983).

In sum, we find that the trial court abused its discretion in denying attorney's fees based upon the factors cited in its oral opinion and memorandum decision. As none of the

factors[6] falls within the narrow "special circumstances" doctrine recognized by the federal courts, the trial court should have awarded a reasonable attorney's fee.

On remand, the trial court should calculate the fee award pursuant to the standards articulated by the Supreme Court in *Blum v. Stenson*, __ U.S. __, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984) and *Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).[7]

The denial of attorney's fees is reversed and the case is remanded for a determination of a reasonable fee consistent with this opinion. Duranceau has requested attorney's fees on appeal. Having complied with RAP 18.1, he is awarded $1,500 attorney's fees on appeal.

WILLIAMS, J., and SODERLAND, J. Pro Tem., concur.

Reconsideration denied October 1 and November 28, 1984.

---

[6]The City, relying on the District Court opinion in *Concerned Democrats v. Reno*, 493 F. Supp. 660 (S.D. Fla.), *rev'd*, 689 F.2d 1211 (5th Cir. 1980), contends that even if the factors considered above do not constitute special circumstances taken individually, together they warrant the denial of attorney's fees. Although this theory was not addressed below, it warrants comment. First, the City appears to have overlooked the fact that *Concerned Democrats* was reversed by the Fifth Circuit. *See Concerned Democrats v. Reno, supra.* Second, if, as we have found, there are no circumstances warranting the denial of fees when considered individually, we are unable to see how they rise to the level of a special circumstance when considered together. *See Anderson v. Morris*, 500 F. Supp. 1095, 1106 (D. Md.), *aff'd*, 636 F.2d 55 (4th Cir. 1980).

[7]The analytical framework applied in *Hensley* is essentially the same as that adopted by our own Supreme Court in *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 675 P.2d 193 (1983) for calculating fee awards under the Consumer Protection Act. Thus, trial courts may also look to *Bowers* for guidance in awarding fees under section 1988.