[No. 82128-3. En Banc.]
Argued November 10, 2009.    Decided March 25, 2010.

Allan Parmelee, *Petitioner*, v. Robert O'Neel et al., *Respondents*.

*Hank L. Balson* (of *Public Interest Law Group PLLC*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Amanda M. Migchelbrink* and *Daniel J. Judge, Assistants,* for respondent.

*Sarah A. Dunne, Nancy L. Talner, Daniel Ford, Roger A. Leishman,* and *Dustin E. Buehler* on behalf of American Civil Liberties Union of Washington, amicus curiae.

*Daniel Ford* on behalf of Columbia Legal Services, amicus curiae.

*Roger A. Leishman* and *Dustin E. Buehler* on behalf of Center for Justice, Legal Voice, and University Legal Assistance, amici curiae.

¶1 Owens, J. — This case allows us to consider whether a litigant who is successful in getting an appellate court to vacate a penal infraction and to declare a Washington statute unconstitutional is a prevailing party under 42 U.S.C. § 1988(b) entitled to attorney fees. Allan Parmelee, a prisoner in the custody of Clallam Bay Corrections Center (CBCC), received an infraction for inflammatory language in a letter that complained about the treatment of prisoners at the facility. The Court of Appeals vacated the infraction after ruling that the Washington criminal libel statute, former RCW 9.58.010 (1935), *repealed by* Laws of 2009, ch. 88, § 1, was unconstitutional. Because Parmelee succeeded on a significant issue of litigation in his appeal, we hold that he is entitled to attorney fees for the issues that he successfully litigated, namely the vacation of his infraction and the declaration of the statute's unconstitutionality.

## FACTS

¶2 On July 20, 2005, Parmelee, a prisoner in the custody of CBCC, wrote a letter to Harold Clarke, the secretary of the Department of Corrections (DOC). In that letter, in which he complained about the treatment of prisoners at CBCC, Parmelee wrote, "I have been puzzled by the widespread hostilities growing ever tense [sic] at CBCC since I've been here. I have finally discovered that the formula has to do with a verified reliable source indicating Superintendant Sandra Carter is anti-male - a lesbian . . . . Having a man-hater lesbian as a superintendant is like throwing gas on [an] already smoldering fire." Clerk's Papers at 717-18. CBCC did not allow the letter to be sent out of the institution, and on October 13, 2005, CBCC infracted Parmelee for committing the misdemeanor of criminal libel against Superintendent Carter. This infraction was based on a prison rule that at the time banned prisoners from "[c]ommitting any act that is a misdemeanor under local, state, or federal law that is not otherwise included in these rules." Former WAC 137-28-260(517)

(2004), *amended by* WAC 137-25-030(517) (2006). Specifically, the DOC charged Parmelee with violating former RCW 9.58.010.[1]

¶3 Parmelee was found guilty of the infraction because the DOC determined that the written letter was libelous and slandered the reputation of Superintendent Carter. He received 10 days of isolation and 10 days of loss of privileges. Parmelee filed suit in Clallam County Superior Court, claiming libel, slander, violations of his right to due process and the freedom of speech, and retaliation. Parmelee then filed a motion for judgment on the pleadings and for declaratory and injunctive relief. Respondents filed a response to the motion for judgment on the pleadings and a cross motion to dismiss. The court commissioner denied Parmelee's motion for judgment on the pleadings and granted the motion to dismiss.

¶4 Parmelee appealed the ruling to the Court of Appeals, arguing that the criminal libel statute, former RCW 9.58.010, was unconstitutional both on its face and as applied to him, that he had stated a cognizable claim for retaliation, and that he was entitled to attorney fees on appeal under 42 U.S.C. § 1988. Parmelee sought both damages and injunctive and declaratory relief. The Court of Appeals ruled that the criminal libel statute was "facially unconstitutional for overbreadth and vagueness" and vacated Parmelee's infraction. *Parmelee v. O'Neel*, 145 Wn. App. 223, 228, 186 P.3d 1094 (2008). The Court of Appeals further held that the trial court erred when it dismissed

---

[1] Former RCW 9.58.010 stated:

Every malicious publication by writing, printing, picture, effigy, sign, radio broadcasting or which shall in any other manner transmit the human voice or reproduce the same from records or other appliances or means, which shall tend:—

(1) To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or

(2) To expose the memory of one deceased to hatred, contempt, ridicule or obloquy; or

(3) To injure any person, corporation or association of persons in his or their business or occupation, shall be libel. Every person who publishes a libel shall be guilty of a gross misdemeanor.

Parmelee's retaliation claim and remanded the case to the superior court for Parmelee to "assert his claims for damages against DOC for violating his substantive due process rights, for violating his First Amendment rights, and for retaliating against him for exercising his rights." *Id.* at 228-29. Finally, the Court of Appeals held that Parmelee was not entitled to attorney fees unless he successfully litigated his retaliation claim in the superior court. *Id.* at 249. Parmelee petitioned for this court's review, which we granted. *Parmelee v. O'Neel,* 165 Wn.2d 1023 (2009).

## ISSUES

¶5 1. Is a plaintiff who successfully obtains the vacation of an infraction and the invalidation of a statute, but not monetary damages, entitled to attorney fees as a prevailing party under 42 U.S.C. § 1988?

¶6 2. Does the Prison Litigation Reform Act of 1995 (PLRA), under 42 U.S.C. § 1997e, bar an award of attorney fees?

¶7 3. Did the Court of Appeals err by conditioning an attorney fees award on the success of only one claim on remand?

## STANDARD OF REVIEW

¶8 "An attorney[ ] fee[s] award under 42 U.S.C. § 1988 is reviewed under an abuse of discretion standard; discretion is abused when its exercise is manifestly unreasonable or based on untenable grounds or reasons." *Ermine v. City of Spokane,* 143 Wn.2d 636, 641, 23 P.3d 492 (2001).

## ANALYSIS

I.  Parmelee Is a Prevailing Party Entitled to Attorney Fees under 42 U.S.C. § 1988

¶9 42 U.S.C. § 1988 is a statute designed "to encourage the vindication of civil rights through the mechanism of private lawsuits." *Duranceau v. City of Tacoma,* 37

Wn. App. 846, 849, 684 P.2d 1311 (1984). One means by which the statute encourages private lawsuits is by establishing that courts grant attorney fees to "prevailing part[ies]" in cases of civil rights violations. 42 U.S.C. § 1988(b).[2] The key question in this case is whether Parmelee is a "prevailing party" entitled to attorney fees. The meaning of the term "prevailing party" has been subject to some debate, but the United States Supreme Court has helped to clarify the term's meaning. In *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989), the Supreme Court ruled that a plaintiff becomes "a prevailing party . . . [i]f the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' " and that the plaintiff then "crosse[s] the threshold to a fees award of some kind." *Id.* at 791-92 (third alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)); *see Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). The Supreme Court stated that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n*, 489 U.S. at 792-93. The Supreme Court has also ruled that "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Farrar*, 506 U.S. at 111. "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12.

---

[2] 42 U.S.C. § 1988(b) states:

In any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■■ ¶10 The Supreme Court has also held that victory in a preliminary injunction is not sufficient to make a plaintiff a prevailing party where that plaintiff eventually loses on the merits, as the victory is "ephemeral" and the plaintiff has merely won the battle but lost the war. *Sole v. Wyner*, 551 U.S. 74, 86, 127 S. Ct. 2188, 167 L. Ed. 2d 1069 (2007). In *Sole*, the Supreme Court did not consider the question of whether victory in a claim for permanent injunctive relief would make a plaintiff a prevailing party, *id.* at 86, as the clear implication was that any party who gains a *permanent* " 'material alteration of the legal relationship of the parties' " becomes a prevailing party, even without winning monetary damages. *Id.* at 82-83 (quoting *Texas State Teachers Ass'n*, 489 U.S. at 792-93).

¶11 We hold that Parmelee is a "prevailing party" as that term has been interpreted by the Supreme Court. As part of his broader suit, Parmelee brought a claim for vacation of his infraction, arguing that the criminal libel statute was unconstitutional on its face. In response, the Court of Appeals found that the Washington criminal libel statute was "unconstitutional for overbreadth and vagueness" and vacated his infraction. *Parmelee*, 145 Wn. App. at 228. We find that his infraction is certainly a " 'significant issue in litigation' " and that having it vacated " 'achieve[d] some of the benefit [Parmelee] sought in bringing suit,' " even if it did not result in monetary damages. *Farrar*, 506 U.S. at 109 (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 433). Parmelee's actions also resulted in the alteration of the legal relationship between the parties by modifying the DOC's behavior in a way that directly benefited Parmelee, as an infraction that Parmelee once had on his record is no longer there. *See id.* at 111-12. Following the Court of Appeals ruling, the DOC was required to literally remove all records of the infraction from Parmelee's central and electronic files. *See* DOC Policy 460.000(VI)(J)(4)(a)(4), *available at* http://www.doc.wa.gov/Policies/default.aspx (last visited March 24, 2010). This was a modification of the DOC's behavior and it certainly benefited Parmelee.

¶12 We further hold that neither *Hewitt v. Helms*, 482 U.S. 755, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987), nor *Farrar* precludes the granting of attorney fees in this case. *Hewitt* stands for the proposition that a plaintiff who wins an interlocutory ruling, but eventually meets defeat on his claims, is *not* a prevailing party. *Id.* at 759-60. Parmelee, in contrast, obtained not an interlocutory ruling, but a final order by the Court of Appeals that the statute was unconstitutional and an injunction that mandated the vacation of his infraction. *Hewitt* does not compel us to deny attorney fees.

¶13 The Supreme Court in *Farrar* held that where a plaintiff receives a nominal damages award "because of his failure to prove an essential element of his claim for monetary relief," attorney fees are not appropriate. 506 U.S. at 115. The Supreme Court ruled that even if a plaintiff is a prevailing party, he may not be entitled to attorney fees where the plaintiff gained only limited success. Gaining a nominal damages award *instead* of a large monetary damages award therefore may not make a plaintiff a prevailing party. *Id.* at 114. In Parmelee's case, however, Parmelee sought injunctive relief *and* damages and was entirely successful in gaining permanent injunctive relief from the Washington courts.[3] We therefore hold that *Farrar* is distinguishable and does not compel us to deny attorney fees. The Court of Appeals abused its discretion in not awarding attorney fees, and Parmelee can collect attorney fees now for his work in obtaining a vacation of his infraction and in getting the state's criminal libel statute overturned. Since we determine here that Parmelee is a prevailing party entitled to attorney fees, Parmelee can also collect attorney fees for his successful litigation before this court. *See Hernandez v. Kalinowski*, 146 F.3d 196, 199-201 (3d Cir. 1998). We remand to the Court of Appeals to determine the amount of the attorney fees.

## II. Attorney Fees Are Not Precluded by the PLRA

■ ¶14 The second issue here concerns whether, even if Parmelee is a prevailing party, the PLRA bars Parmelee

---

[3] Respondents have not sought review on the constitutionality of the Washington criminal libel statute or on the vacation of the infraction, so the Court of Appeals decision is final.

from obtaining attorney fees at this time. The PLRA is an act that "attempts to eliminate unwarranted . . . court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " *Woodford v. Viet Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (second alteration in original) (footnote omitted) (quoting *Porter v. Nussle*, 534 U.S. 516, 525, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)). The PLRA was also intended to reduce the quantity and increase the quality of prisoner suits. *Id*. at 93-94.

■ ■ ¶15 Under the PLRA, attorney fees must be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section [1988]" and the fee must be "directly and reasonably incurred in enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d)(1)(A), (B)(ii). The statute makes clear that attorney fees can be awarded only to a prisoner who proves an actual violation of his rights under one of the federal laws mentioned in 42 U.S.C. § 1988. One of these federal laws is 42 U.S.C. § 1983. 42 U.S.C. § 1988(b).

¶16 Parmelee brought suit for both injunctive relief and damages for violations of his First Amendment rights under 42 U.S.C. § 1983, which provides for a civil action for the deprivation of First Amendment rights. The Court of Appeals in this case found Washington's criminal libel statute to be "facially unconstitutional for overbreadth and vagueness" and vacated Parmelee's infraction because it was based on the unconstitutional statute. *Parmelee*, 145 Wn. App. at 228. The Court of Appeals also implied that it was impossible for the statute to be constitutional as applied to Parmelee, stating that there was no set of circumstances in which the statute, as written, could be constitutionally

applied. *Id.* at 242-43.[4] Since Parmelee's speech was suppressed based on an unconstitutional statute, it inherently follows that Parmelee's First Amendment rights were violated and that a declaration of the statute's invalidity was proof of an actual violation of Parmelee's rights protected by 42 U.S.C. § 1983. The fact that Parmelee's actions could possibly be punished under *other* rules without violating his First Amendment rights does not alter the fact that punishment under *this* rule violated his First Amendment rights. Parmelee's attorney fees were also directly and reasonably incurred in obtaining the relief ordered for the violation (vacation of the infraction and the overturning of the statute). The PLRA therefore does not preclude an award of attorney fees for the issues on which Parmelee successfully appealed.

III.   The Court of Appeals Erred by Conditioning an Attorney Fees Award Only on the Retaliation Claim on Remand

■ ¶17 Parmelee brought claims against the DOC for violations of his rights to free speech, substantive due process, and for retaliation, among other claims. In its opinion, the Court of Appeals ruled that the record was not sufficient to determine whether Parmelee's rights to free speech or substantive due process were violated and that the trial court's dismissal of the retaliation claim was inappropriate. *Parmelee*, 145 Wn. App. at 246-48. The Court of Appeals then remanded for further proceedings and specifically stated that Parmelee could relitigate his substantive due process, First Amendment, and retaliation claims. *Id.* at 249. It conditioned Parmelee's attorney fees award, however, only on successful litigation of his retaliation claim. *Id.*

¶18 We have already determined that Parmelee is a prevailing party entitled to attorney fees for the issues on

---

[4] The Court of Appeals did not, however, determine that Parmelee had won his claim for damages resulting from First Amendment violations, remanding the claim to the superior court. *Parmelee*, 145 Wn. App. at 246-47, 249.

which he has already achieved success. In addition, the Court of Appeals ruling limiting attorney fees on remand to the retaliation claim and omitting attorney fees for his claims of violations of his First Amendment and substantive due process rights is an abuse of discretion. If Parmelee is successful in litigating these claims on remand, he will be a prevailing party under 42 U.S.C. § 1988 on those claims as well, and he will then be able to receive attorney fees for any such successful litigation. Respondents seem to concede that Parmelee still has the opportunity to litigate numerous claims and obtain attorney fees on all those claims, as they did not contest the issue in their briefing, and they stated that "a determination of whether fees were directly and reasonably incurred in proving Mr. Parmelee's civil rights *claims* cannot be made before further proceedings take place on remand." Resp'ts' Suppl. Br. at 13-14 (emphasis added). We therefore reverse the Court of Appeals ruling and hold that Parmelee will be entitled to attorney fees on remand for *all* of his successful claims.

## CONCLUSION

¶19 We reverse the Court of Appeals ruling that prevented Parmelee from obtaining attorney fees at this juncture. We remand to the Court of Appeals to determine the attorney fees award for Parmelee's successful litigation, including his successful litigation before this court. We further remand to the superior court for litigation of Parmelee's claims for damages for retaliation, First Amendment violations, and substantive due process violations.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, SANDERS, CHAMBERS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

After modification, further reconsideration denied May 28, 2010.