[No. 29411-1-III.   Division Three.   October 18, 2011.]

P.E. Systems, LLC, *Appellant*, v. CPI Corporation, *Respondent*.

360

*Nicholas D. Kovarik* (of *Dunn & Black PS*), for appellant.

*J. Michael Keyes* and *Whitney J. Baran* (of *K&L Gates LLP*), for respondent.

¶1 SWEENEY, J. — This appeal follows the summary dismissal of a vendor's suit for breach of contract. The vendee refused to pay for the vendor's services. The vendee moved to dismiss pursuant to CR 12(c) (plaintiff can show no set of facts to justify recovery on the pleadings alone). The court concluded that the agreement in this commercial transaction amounted to nothing more than an agreement to agree and was therefore unenforceable and the court dismissed the vendor's suit. We conclude that the matter was not resolved on the pleadings because the disputed agreement was entered into evidence and considered by the court. But we also conclude that whether this agreement rose to the level of a valid and binding contract is properly decided as a matter of law and that the agreement is a binding contract. We therefore reverse the judgment in favor of the vendee/respondent and remand for entry of a judgment in favor of the vendor/appellant and remand for further proceedings on the question of damages.

## FACTS

¶2 P.E. Systems LLC sued CPI Corp. for damages; it claimed breach of contract and breach of the implied covenant of good faith and fair dealing.

¶3 P.E. Systems and CPI Corp. agreed in writing that P.E. Systems would analyze CPI Corp.'s credit card processing costs and develop a plan to reduce those costs. They also agreed that CPI Corp. would pay P.E. Systems a consulting fee equal to half of any savings realized. P.E. Systems performed the agreed-upon services and developed a plan that could save CPI Corp. $280,329 over one year and $560,568 over two years. CPI Corp. used the information

P.E. Systems provided but refused to pay any fees. CPI Corp. took the position that the agreement was unenforceable because the parties never agreed to the price it would pay for P.E. Systems' services and ultimately, then, the agreement amounted to nothing more than an agreement to agree. CPI Corp. attached the one-page agreement with its one-page addendum to CPI Corp.'s answer to P.E. Systems' complaint.

¶4 Paragraph 4 of the agreement says if CPI Corp. implements the plan produced by P.E. Systems, P.E. Systems' consulting fee would be half the program cost savings realized, which is half the difference between CPI Corp.'s Historic Cost and its new merchant services costs:

> Should Client elect to implement any portion of PES' [(P.E. Systems')] Cost Savings Program, or Cost Savings solutions provided during the agreement term, either by itself, by a third party or by using PES services, Client will pay PES a consulting fee at a rate of 50% of all Program Cost Savings realized by Client. Program Cost Savings are determined by taking the difference between Client's Historic Cost (baseline) and Client's new merchant services costs obtained by Client.

Clerk's Papers (CP) at 20. CPI Corp.'s Historic Cost would be determined "by taking [CPI Corp.'s] total Visa and MasterCard credit and debit card costs divided by [CPI Corp.'s] total Visa and MasterCard credit and debit card revenue." CP at 20. And CPI Corp.'s "Historic Cost will be set forth and mutually agreed to by the parties in Addendum 'A' which is incorporated by reference herein." CP at 20. Addendum A is blank. It reads that "Client and PES hereby agree that Client's Historic Cost Percentage as referenced in the Agreement for Services executed on _____, _____ is _____%." CP at 21. The parties signed the agreement but never completed or signed Addendum A.

¶5 CPI Corp. moved for judgment on the pleadings pursuant to CR 12(c) and argued that the agreement was nothing more than an agreement to agree on CPI Corp.'s Historic Cost figure and ultimately P.E. Systems' consult-

ing fee. P.E. Systems responded that the provision requiring the parties to mutually agree on Historic Cost was not an agreement to agree on Historic Cost but an opportunity for CPI Corp. to ensure that P.E. Systems properly calculated the Historic Cost figure. P.E. Systems also argued that an August 12 PowerPoint presentation to CPI Corp. would have added context to the agreement by explaining the circumstances leading to the agreement and the related CPI Historic Cost figure. It attached that presentation and a copy of the agreement to a declaration that accompanied its response to CPI Corp.'s motion to dismiss.

¶6 The presentation spells out that "PE Systems has been retained by CPI Corp. to find opportunities to reduce [its] credit card processing fees. This presentation is a specialized cost saving analysis prepared for CPI Corp. based on the credit card processing statements [it] provided." CP at 52. The presentation suggests CPI Corp.'s Historic Cost was 1.655998 percent. And it states that CPI Corp.'s Program Cost Savings would be $280,329 over one year and $1,401,645 over five years.

¶7 The court considered the agreement, which both parties produced, but refused to consider the PowerPoint presentation and limited its review and consideration to what it considered to be the "pleadings." CP at 117. It ultimately concluded that the agreement was an unenforceable agreement to agree, granted CPI Corp.'s CR 12(c) motion, and dismissed P.E. System's complaint. P.E. Systems moved to amend its complaint to allege causes of action for unjust enrichment, quantum meruit, Consumer Protection Act (ch. 19.86 RCW) violations, and various torts. The court denied the motion to amend because the proposed causes of action were based on facts inconsistent with the facts asserted in P.E. Systems' original complaint.

## DISCUSSION

Dismissal of the Complaint on the Pleadings

¶8 P.E. Systems first contends that the trial court should have considered CPI Corp.'s CR 12(c) motion as a CR 56 motion for summary judgment. Whether the court properly applied CR 12(c) is a question of law that we will review de novo. *Nw. Animal Rights Network v. State*, 158 Wn. App. 237, 241, 242 P.3d 891 (2010).

¶9 When passing on a motion to dismiss on the pleadings, we review the pleadings to decide whether the nonmoving party can prove any set of facts consistent with the complaint that would entitle the plaintiff to relief. *Id.* And so the factual allegations contained in the complaint are accepted as true. *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). Our review is de novo. *Parmelee v. O'Neel*, 145 Wn. App. 223, 231-32, 186 P.3d 1094 (2008), *rev'd in part on other grounds*, 168 Wn.2d 515, 229 P.3d 723 (2010). A motion to dismiss for failure to state a claim (CR 12(b)(6)) and a motion for judgment on the pleadings (CR 12(c)) raise identical issues. *Parmelee*, 145 Wn. App. at 231-32. "Dismissal under CR 12 is appropriate only if it is beyond doubt that the plaintiff cannot prove any set of facts to justify recovery. In making this determination, a trial court must presume that the plaintiff's allegations are true and may consider hypothetical facts that are not included in the record." *Id.* (citations omitted).

¶10 But here the court considered the agreement in addition to the pleadings. So it considered evidence outside of the pleadings. P.E. Systems also offered, but the court refused to consider, evidence of circumstances that surrounded the formation of the agreement, specifically, the PowerPoint presentation. The court cannot exclude evidence simply to avoid tainting the pleadings in a way that trips the matter into a summary judgment proceeding. And simply attaching the contract to an answer does not avoid

the conclusion that the court considered matters outside of the pleadings. The contract is not part of the "pleadings." *Yurtis v. Phipps*, 143 Wn. App. 680, 692, 181 P.3d 849 (2008). And you do not make it so by simply attaching it to an answer or complaint.

¶11 The question is whether the case can be resolved on the pleadings considering even hypothetical factual scenarios accommodated by the pleadings. *Parmelee*, 145 Wn. App. at 231-32. It cannot. And more significantly the trial court did not resolve the matter on the pleadings. P.E. Systems tried to show through affidavits and exhibits that the contract when put in context was a complete agreement and not an agreement to agree. This approach has been accommodated here in Washington since *Berg v. Hudesman*, 115 Wn.2d 657, 667, 801 P.2d 222 (1990). And so the court should have considered the offer and then treated the proceedings as a summary judgment proceeding. CR 12(c) (**"Motion for Judgment on the Pleadings.** . . . [A]ny party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56."). The pleadings here are perfectly adequate to support a cause of action for breach of contract.

¶12 CPI Corp. confuses the process of resolving a dispute as a question of law with the process of resolving a dispute on the pleadings. The latter requires that the moving party show that the pleadings alone show that there is no cause of action even considering hypothetical scenarios. *Parmelee*, 145 Wn. App. at 231-32. The former requires that the moving party show that the nonmoving party's factual showing does not support the cause of action alleged. *Martinez v. Kitsap Pub. Servs., Inc.*, 94 Wn. App. 935, 943, 974 P.2d 1261 (1999). Here the pleadings alleged breach of

contract and breach of good faith and fair dealing. The complaint sets out causes of action that are legally cognizable and, if proved, warrant a remedy.

¶13 CPI Corp.'s answer denied the existence of an enforceable contract and, specifically, alleged that the document at issue was not a binding contract, but rather merely an agreement to agree. So the pleadings here also clearly frame the legal issue: Is the agreement a legally binding contract or is it instead an agreement to agree in the future and therefore not enforceable? Ultimately our review is from the grant of a motion for summary judgment. We then sit in the same position as the superior court. *Skinner v. Holgate*, 141 Wn. App. 840, 847, 173 P.3d 300 (2007).

CONTRACT AS A MATTER OF LAW

■ ¶14 The litigants here do not dispute the evidence— both introduced a copy of the same agreement. The question before the court, and necessarily before us, is whether the agreement rises to the level of an enforceable contract. And whether it does or does not is a question of law. *Paradise Orchards Gen. P'ship v. Fearing*, 122 Wn. App. 507, 517, 94 P.3d 372 (2004).

¶15 P.E. Systems contends that the agreement here is a valid, enforceable contract and that the addendum was not an essential term but only spelled out the details of what these companies had already agreed upon. Br. of Appellant at 22-23.

■ ¶16 "Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage." *Lehrer v. Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 516, 5 P.3d 722 (2000). A valid contract requires that parties objectively manifest their mutual assent to all material terms of the agreement. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177-78, 94 P.3d 945 (2004). And whether mutual assent exists is usually a question of fact. *Id.* at 178 n.10. But that

question can be determined as a matter of law here because the undisputed evidence is the agreement. *Id.*

¶17 CPI Corp. maintains, and convinced the trial court, that the agreement is an unenforceable agreement to agree because one of its provisions states the parties will mutually agree to CPI Corp.'s Historic Cost. And they did not agree on the Historic Cost figure.

¶18 An agreement to agree is an agreement that the parties will mutually agree on something in the future and without which the agreement would be incomplete. *Id.* at 175. Paragraph (3) of the agreement states that "[c]lient's Historic Cost will be . . . mutually agreed to by the parties." CP at 48. But the essential terms of this agreement, including P.E. Systems' fees for their services are set out in the body of the agreement. The addendum spelled out only the details of that fee; it is not therefore an essential term of this agreement and, moreover, is easily severable, as we shall see. The addendum does not add a material term to the agreement. Again, the payment structure is clearly set out in the body of the agreement. And so the provision for P.E. Systems' agreed-upon fee is easily ascertainable.

¶19 We would also conclude that, regardless, the addendum is severable without doing violence to the essential agreement between these companies. Whether a contract is severable depends on the intention of the parties. *Mut. of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 649, 757 P.2d 499 (1988). Here the parties agreed that the agreement would be severable: "Should any provision of this agreement be held to be void, invalid, unenforceable or illegal by a court of competent jurisdiction, the validity and enforceability of the other provisions will not be affected." CP at 48. Of course, the terms that remain after severance must be complete and reasonably certain; they must provide a basis to determine breach and remedy. *See Keystone Land*, 152 Wn.2d at 178 (the terms assented to must be sufficiently definite to be enforceable).

¶20  When we sever this addendum from the agreement, the remaining terms provide that CPI Corp.'s Historic Cost is calculated by dividing CPI Corp.'s "total Visa and MasterCard credit and debit card costs . . . by [its] total Visa and MasterCard credit and debit card revenue," that "Historic Cost will be automatically increased or decreased from time to time to reflect any changes in the Visa or MasterCard fee structure," and that CPI Corp. will provide the necessary documents to determine costs, revenue, and processor fee structures. CP at 48. This agreed-upon method for calculating Historic Cost easily provides the certainty necessary to calculate P.E. Systems' fee. The addendum then can be severed and the remainder of the agreement remains an enforceable contract. The trial court erred by concluding that the agreement is unenforceable. We then reverse that order.

¶21  The complaint alleges, and apparently no one disputes, so we accept as true that CPI Corp. "took the information provided [by P.E. Systems] and . . . used it," and that it failed to pay P.E. Systems its consulting fee. CP at 5. This breaches the agreement. CPI Corp. agreed to pay P.E. Systems a consulting fee if it used any portion of the plan produced by P.E. Systems:

> Should Client elect to implement any portion of PES' Cost Savings Program, or Cost Savings solutions provided during the agreement term, either by itself, by a third party or by using PES services, Client will pay PES a consulting fee at a rate of 50% of all Program Cost Savings realized by Client.

CP at 48. The resulting damages would, of course, be the lost consulting fee or half "the difference between Client's Historic Cost (baseline) and Client's new merchant services costs obtained by Client." CP at 48. P.E. Systems' damages remain a question of fact. The trial court, then, erred by entering judgment on the pleadings. We remand for further proceedings on the question of damages.

MOTION TO AMEND PLEADINGS

¶22 P.E. Systems next contends the court should have granted its motion to amend its complaint. We review an order denying a motion to amend pleadings for abuse of discretion. *Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). The single most important factor is *prejudice*. *Id.*; CR 15(a). But we need not address this question given our disposition here.

ATTORNEY FEES

¶23 Both parties request fees and costs under the agreement's attorney fees provision. RCW 4.84.330 entitles the prevailing party in an action on a contract with an attorney fees provision to attorney fees (even if the contract is invalidated in whole or in part). *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 839, 100 P.3d 791 (2004). P.E. Systems is the prevailing party and therefore entitled to fees.

¶24 We reverse the judgment in favor of CPI Corp. and remand for entry of a judgment in favor of P.E. Systems and we remand for further proceedings on the question of damages.

KULIK, C.J., and KORSMO, J., concur.

Reconsideration denied December 20, 2011.

Review granted at 174 Wn.2d 1008 (2012).